ATWELL and another, Respondents, vs. WIGDERSON, Appellant.

*October 20 — November 17, 1891.*

*Attachment: Settlement before levy: Return.*

After a writ of attachment had been placed in the hands of an officer for service, a settlement was had between the parties, and the officer was directed not to proceed further. He had not taken actual possession of any property under the writ, and had not served any papers on any one. *Held* that, no action having been commenced and no levy made, the officer would not be required, on defendant's motion, to make a return of the writ.

APPEAL from the Circuit Court for *Waupaca* County. The appeal is from an order denying the defendant's motion that the sheriff be required to return the writ of

---

attachment issued in the action.    The facts will sufficiently appear from the opinion.

For the appellant there were briefs by *Bloodgood, Bloodgood & Kemper*, and oral argument by *F. Bloodgood, Jr.*

For the respondents there was a brief by *Irving P. Lord*, attorney, and *F. F. Wheeler*, of counsel, and oral argument by *Mr. Wheeler.*

COLE, C. J.    The circuit court doubtless discharged the rule to show cause for the reason that it appeared that no levy had been made under the attachment, and that the suit had been discontinued.    If the facts sustain that view, there was surely no need of requiring the sheriff to make a return on the writ, which he had not served nor made any levy on, for to do so would be equivalent to requiring the officer to make a return contrary to the facts, which would subserve no useful purpose that we can perceive.

It appears from the affidavits and testimony that the deputy sheriff in this case received the writ of attachment with the affidavit and undertaking from the attorney of the plaintiffs in the suit, with instructions to go to Weyauwega, where the defendant resided, and see the defendant, and demand from him the amount specified in the writ, and if the amount was not paid, or approved security given therefor, then to serve the attachment.    The deputy sheriff, pursuant to these instructions, went to Weyauwega in the afternoon of November 13, 1889, and on his arrival learned that the defendant, *Wigderson*, was not at home, but had gone to Milwaukee.    He therefore returned home, and on the next day went again to Weyauwega for the purpose of seeing *Wigderson* or serving the writ.    It appears that the deputy sheriff, with one Bennett, went in the forenoon of the 14th of November to *Wigderson's* store, and stated to the clerk, Mathews, who was in charge thereof, that he had a summons and attachment to serve on *Wigderson*.    There

is some conflict in the statements of Mathews and of the deputy sheriff and Bennett, as set out in the affidavits, as to what was then said or done by the deputy sheriff. The affidavits satisfactorily show that in the morning, when *Wigderson* was still absent, the deputy sheriff informed the clerk what he had come to the store for, and then he took a piece of chalk and made a light mark in the form of a cross upon some of the goods and boxes in the store. The clerk says the deputy sheriff told him not to sell any of the goods so marked, and that Bennett was put in charge of them. This, however, is denied by both the deputy sheriff and by Bennett, who say, in substance, that all that was done was that some of the goods and boxes were marked with a cross, but no possession of them was taken, nor any other act done in reference to them. In the afternoon the deputy sheriff received a dispatch to the effect that the matter or demand had been arranged, and he was directed to proceed no further with the attachment, and he did not, but told Bennett to leave the store, which the latter did. The papers seem to have been retained by the deputy sheriff for a few days, and then by him handed to the sheriff, who kept them for a time, when they were delivered to the plaintiffs' attorney, who burned them, upon the supposition that the cause of action was settled and the suit ended. So the matter stood until the rule was obtained requiring the sheriff to show cause why he should not return the writ indorsed that he made a levy under it on the 14th of November, 1889.

The statute points out how a writ of attachment shall be served or executed. R. S. secs. 2734–2736. It contemplates that the officer shall take the property seized on the writ into his actual possession or control, if the goods are of such a nature or are so situated that possession of them can be taken, and that an inventory and appraisement of them shall be made. Copies of this inventory are to be

served, with the summons and other papers, on the defendant. The acts of the officer should, of course, be open and unequivocal, showing that he asserts authority over the property attached by virtue of his writ. Now, here there was no actual possession of the goods taken, no appraisement nor inventory made. In fact, no papers were served on any one, and the suit was to all intents and purposes abandoned. It seems to us there can be no doubt on that point upon the testimony. But the counsel for the defendant says that the court had jurisdiction, and should have required the sheriff to make return of the writ, to the end that the defendant might have an opportunity to traverse the affidavit on which the writ was issued, and, if successful on that issue, to have his damages assessed. It is very clear that no suit was actually commenced in a legal sense, and, as we have said, no levy was made under the writ. A civil action in a court of record is commenced by the service of a summons. R. S. sec. 2629. But the counsel says, from the time of such service or the issuance of a provisional remedy the court has jurisdiction and control of the subsequent proceedings. Concede that this is so, but here, though the attachment was issued, yet nothing was really done under it, the cause of action having been settled. The testimony does not clearly show that the deputy sheriff exercised any acts of possession over the goods, except to mark some of them with a cross with a piece of chalk. He cannot be deemed to have had a moment's possession of them under the attachment; and upon the facts the court below was right, we think, in not requiring the sheriff to make a return on the writ. Of course the original writ was destroyed, but counsel may be right in saying that copies might have been substituted by order of the court for the originals; but for what purpose or for what object, since no proceedings were had under the attachment, but

the remedy was abandoned by the settlement of the demand to the satisfaction of the plaintiffs in the action?

We think the order of the circuit court must be affirmed. *By the Court.*— Order affirmed.