**Jerry MARKS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Aug. 30, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Nov. 13, 1985.

Mark A. Posnansky, Appellate Public Advocate, Louisville, for appellant.

David L. Armstrong, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWERTON and LESTER, JJ.

HOWERTON, Judge.

Marks appeals from a judgment of the Jefferson Circuit Court convicting him of second-degree manslaughter and second-degree persistent felony offender. He was sentenced to 12 years in prison. Marks claims that the trial court violated his Fourth Amendment and due process rights by refusing to suppress evidence of a blood alcohol test administered to him. We disagree, and affirm the conviction.

Marks was indicted for second-degree manslaughter as a result of his involvement in a traffic accident in Louisville in October of 1983, which resulted in the death of Robert Wooldridge. When Marks was taken to Humana Hospital for treatment following the accident the hospital administered a blood test as part of its routine diagnostic procedure. The results

of that test indicated that his blood alcohol level was .27.

At trial, and following a hearing to determine the admissibility of the evidence, the Commonwealth presented the results of that blood alcohol test to which Marks objected. Dr. George Nichols, Chief Medical Examiner of the state, testified that the majority of people with such a blood alcohol level would experience "gross neurological impairment" of eye-hand coordination and eye-foot coordination in addition to unsteadiness and double vision.

 Contrary to Marks' contentions, we do not believe that admission of this evidence violated his Fourth Amendment or due process rights. Although the United States Supreme Court has held that the taking of fingerprints, blood samples and breath samples in criminal cases can be considered a search subject to prohibitions of the Fourth Amendment, [*Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966)], we do not believe that the Fourth Amendment is applicable in this situation. The courts have held that violations of the Fourth Amendment and the due process clause occur only when state action is involved, and the actions of private parties do not deprive the government of the right to use evidence acquired lawfully. *Walter v. U.S.*, 447 U.S. 649, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980).

In this case, the officer who investigated the traffic accident testified that he did not request or give directions to the emergency technicians to administer the test to Marks, nor did he give such directions to the doctors at the hospital emergency room. The officer was not present when the test was given and, at the time the test was administered, he had no cause to believe that a criminal offense had taken place. In addition, he did not swear out any warrants or file any charges in this case. The blood test was conducted by a private entity for diagnostic purposes and did not violate Marks' Fourth Amendment or due process rights. Although no Kentucky case is on point, a similar result was reached in *State v. Jenkins*, 80 Wis. 426, 259 N.W.2d 109 (1977), where the Wisconsin Supreme Court held that the results of a defendant's blood alcohol test were admissible at trial where the test was conducted at the request of a physician for diagnostic purposes and where the defendant was not under arrest at the time.

 In addition, the admission of the test results did not violate KRS 189.520 or 186.565, which govern the taking of blood from persons under arrest for acts committed while driving under the influence. Those statutes govern actions taken by law enforcement officers when the defendant is placed under arrest.

The trial court did not err by allowing the admission of the test results at trial, and the judgment is affirmed.

All concur.