818 F.2d 31
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry MARKS, Plaintiff-Appellant,
v.
HUMANA HOSPITAL UNIVERSITY and Carole Miller, Custodian of
Records, Defendants- Appellees.
 No. 86-6203.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1987.
 
 Before KEITH, KENNEDY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's grant of summary judgment to the defendants in this Civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Humana Hospital University in Louisville, Kentucky treated the plaintiff for injuries he suffered in an automobile accident. The accident killed the driver of the other vehicle involved. During treatment, the hospital tested the plaintiff's blood alcohol content. These test results were later used at a criminal trial which resulted in the plaintiff's conviction for second degree manslaughter and second degree persistent felony offender status. The plaintiff's complaint alleges that the defendants' use of his blood test results violated his right against self-incrimination, his right to counsel, and his right to be free from unreasonable searches and seizures.
 
 
 3
 The district court held that the blood test did not involve a testimonial compulsion, so there was no fifth amendment violation of the plaintiff's right to be free from self-incrimination. Schmerber v. California, 384 U.S. 757, 764-65 (1966). The court held that the blood tests were not related to a criminal proceeding, so there was no sixth amendment violation of the plaintiff's right to counsel. Hannah v. Larche, 363 U.S. 420, 440 fn.16 (1960). Even if the blood test were related to a criminal prosecution, the state had not initiated formal proceedings at the time the blood was taken. . Brewer v. Williams, 430 U.S. 387, 398 (1977). Finally, the court held that the. search and seizure issue was barred by the doctrine of collateral estoppel, Allen v. McCurry, 449 U.S. 90, 105 (1980), because the state court had already held the issue to be without merit. Marks v. Commonwealth, 698 S.W.2d 533, 534 (Ky. App. 1985). We agree with these conclusions of the district court.
 
 
 4
 We also note that once the privilege against self-incrimination is found not to bar the use of blood test results, the fourth amendment's proper function is to examine the reasonableness of the search. Schmerber, 384 U.S. at 768. Because the taking of blood samples is a routine medical procedure, there was no unreasonable search and seizure here. 384 U.S. at 771.
 
 
 5
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.